# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Herbert R. Spigner,<br><br>    Plaintiff,<br><br>v.<br><br>City of Plymouth, Minnesota; Jeffrey Swiatkiewicz, Captain, Plymouth Police Department; and Roger Knutson, Esq., City Attorney for Plymouth, MN;<br><br>    Defendants. | Civ. No. 14-3453 (JNE/JJK)<br><br>**REPORT AND RECOMMENDATION** |

Herbert R. Spigner, 7595 Currell Blvd., Unit 25461, Woodbury, MN 55125, Plaintiff, *pro se*.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

When he commenced this action, Plaintiff Herbert R. Spigner sought leave to proceed *in forma pauperis*, requiring the Court to "screen" his Complaint under 28 U.S.C. § 1915(e)(2). After an initial review of the Complaint, on September 23, 2014, this Court issued an Order requiring Plaintiff to file an amended pleading because his original Complaint, brought pursuant to 42 U.S.C. § 1983, failed to state a claim for which relief could be granted. (Doc. No. 4.) On

October 23, 2014, Plaintiff filed an Amended Complaint.[1] (Doc. No. 5.) Because the Amended Complaint also fails to state a claim, this Court now recommends, in accordance with 28 U.S.C. § 636 and Local Rule 72.1, that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 2) be denied and that this action be dismissed.

## DISCUSSION

### I. Legal Standard

The Court will deny an IFP application and dismiss an action when a plaintiff seeking IFP status files a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). To state a claim on which relief can be granted, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the defendant or defendants under a viable legal theory. *See Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A plaintiff

---

[1] The September 23, 2014 Order gave Plaintiff an October 22 deadline for filing the Amended Complaint. (Doc. No. 5.) Although Plaintiff filed the Amended Complaint one day after the deadline and did not sign it (Doc. No. 4 at 24), the Court addresses the Amended Complaint on its merits.

must clearly allege the facts supporting his claims, and federal courts are not required to "assume facts that are not alleged just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

## II.     Plaintiff Fails to State a Claim Against the City of Plymouth

Plaintiff alleges that Defendant the City of Plymouth violated his First and Fourteenth Amendment rights under the United States Constitution. (Doc. No. 5 ("Am. Compl.") at 2-3.) Plaintiff claims that the City violated his constitutional rights when its police department enforced a Trespass Notice Plaintiff received from the apartment complex where his mother lived until she passed away shortly before Plaintiff filed this case. (Am. Compl. 5-12.) He claims that the management company for his late mother's apartment building issued the Trespass Notice for meritless reasons, which apparently included retaliating against his mother for contacting Mid-Minnesota Legal Aid to assist her with some dispute she was having with her landlord. (*Id.* at 8.) Plaintiff appears to believe that there was a race-based motivation for the apartment building to issue the Trespass Notice against him. (*Id.* at 10 (explaining that in December 2013 Plaintiff was required to meet his mother in a supermarket parking lot "because of this racist and meritless trespass").) Plaintiff alleges that he complained about the Trespass Notice to officials with the City of Plymouth, but apparently those officials did not respond to his complaints. (*Id.* at 10-11.) As a result of these events, Plaintiff claims that his mother endured "grief,

3

embarrassment and harassment by other tenants" and that he "had to witness and know . . . that my mother had to struggle from her south side second floor apartment, traveling from one end of the building to the other side" because he was not allowed on the property to meet her closer to her own apartment unit. (*Id.* at 8-9.)

In its September 23, 2014 Order, this Court noted that Plaintiff appears to be claiming that the City of Plymouth violated his constitutional right to equal protection of the laws in its handling of his complaints about the Trespass Notice. (Am. Compl. 5-6.) He also appears to assert that the City violated his First Amendment right to "peaceably assemble." (*Id.* at 6.) However, as previously explained by this Court, "[t]o state a claim against a municipality under § 1983, the complaint must allege that the violation [of constitutional rights] occurred pursuant to a custom or practice, or an official policy, by that municipality." *Uland v. City of Winsted*, 570 F. Supp. 2d 1114, 1119 (D. Minn. 2008) (citing *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 659, 651 (8th Cir. 1998), and *Haberthur v. City of Raymore*, 119 F.3d 720, 723 (8th Cir. 1997)). Just as Plaintiff's original Complaint failed to mention any such custom, practice, or official policy that could form the basis of municipal liability on the part of the City of Plymouth, his Amended Complaint fails to do so as well. In other words, Plaintiff's Amended Complaint did not fix the problem that this Court identified in its prior Order, and his amended pleading still fails state a claim against the City of Plymouth. Plaintiff has not made any factual allegations showing that

4

individuals acting on behalf of the City handled his complaints about the Trespass Notice pursuant to some custom, practice, or official policy that deprived him of his constitutional rights.[2]

For these reasons, this Court concludes that Plaintiff's claims against Defendant the City of Plymouth, must be dismissed for failure to state a claim.

## III.   Plaintiff Fails to State a Claim Against the Individual Defendants

Plaintiff's Amended Complaint also fails to state a claim against either Defendant Jeffrey Swiatkiewicz or Defendant Roger Knutson.  As with his original pleading, in his Amended Complaint, Plaintiff claims that Defendant Swiatkiewicz, a Captain in the Plymouth Police Department, violated his constitutional rights by refusing to investigate Plaintiff's complaints about the Trespass.  (Am. Compl. 12-20.)  Plaintiff claims that Captain Swiatkiewicz refused to investigate Plaintiff's complaints about the Trespass Notice following a discussion Plaintiff initiated with him about being barred from his mother's apartment building.  (*Id.* at 13-16 (discussing Plaintiff's complaint to Swiatkiewicz about the absence of a reason for the property management company at his

---

[2]   Plaintiff's assertion that the Trespass Notice was "racist" is nothing more than a conclusory allegation (Am. Compl. 10), which is insufficient to state a claim that his Equal Protection rights were violated.  By referring to the notice as "racist," Plaintiff may be alleging that the property management company issued the Trespass Notice against Plaintiff for race-based reasons, but this does not suggest that that any of the named Defendants engaged in any conduct on the basis of Plaintiff's race.  A litigant seeking to state a § 1983 claim against state actors must do more than state the mere conclusion that those state actors were "racist."

mother's apartment complex to issue a Trespass Notice against him and Swiatkeiwicz's response).)  Plaintiff claims that after his conversation with Captain Swiatkiewicz, he received a letter stating that "[t]he Plymouth Police Department will not be following up or investigating any further claims as it pertains directly to the previous trespass notice dated July 29, 2013."  (*Id.* at 18.)  He asserts that this was "where and when the violations of 'Equal Protection of the Laws' have taken place causing also the violation of: 'Interfering with the right to peaceably assemble.'"  (*Id.*)

With respect to Defendant Roger Knutson, the Plymouth City Attorney, Plaintiff claims that Knutson violated his constitutional rights when Knutson concluded that the Plymouth Police Department acted appropriately in handling Plaintiff's complaints about the Trespass Notice.  (Am. Compl. 20-23.)  Plaintiff appears to allege that Knutson failed to exercise proper professional judgment in comparing Plaintiff's complaints regarding the Trespass Notice to another case involving trespass notices covered by the Star Tribune newspaper.  (*See id.* at 22-23 (discussing a newspaper article relating to the propriety of trespass notices issued by a property owner).)  He alleges that if Knutson would have provided "proper professional guidance in reference to the City Code . . . [his] family would have not gone through what this saga that has brought me the loss of valuable time with my love[d ones] who are now deceased."  (*Id.* at 23.)

These allegations do not state a claim against either individual defendant.  This Court previously explained that Plaintiff's original Complaint lacked factual

6

allegations showing that his constitutional rights were deprived. (Doc. No. 4 at 5.) Although Plaintiff did not obtain the outcome that he wanted when he complained about the Trespass Notice to Defendants Swiatkiewicz and Knutson, he still has not alleged that either of these individuals acted in a manner that deprived him of a constitutional right. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (explaining that "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); *Speed v. Ramsey County*, 954 F. Supp. 1392, 1397 (D. Minn. 1997) (same). For example, although Plaintiff references the Equal protection Clause of the Fourteenth Amendment in his Amended Complaint, he does not make any factual allegation from which it could be inferred that Swiatkiewicz or Knutson handled his complaints in the manner they did because of his race. Thus, Plaintiff's Amended Complaint failed to fix the problems this Court identified with his Equal Protection claims against the individual defendants. Nor has Plaintiff made any allegations in his Amended Complaint showing that the individual Defendants violated his First Amendment right to peaceably assemble. For these reasons, Plaintiff has failed to state a claim against Defendants Swiatkiewicz and Knutson.

## RECOMMENDATION

Based on the discussion above, and on all the records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2), be **DENIED**; and

2. This action be **DISMISSED WITH PREJUDICE**.

Dated: October 27, 2014

　　　　　　　　　　　　　　　　　　　__s/*Jeffrey J. Keyes* _____
　　　　　　　　　　　　　　　　　　　JEFFREY J. KEYES
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 11, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.